UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LANCE REBERGER, | ) | 3:17-cv-00077-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | Re: ECF Nos. 25, 26 |
| | ) | |
| VERN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is Plaintiff's "Motion to Hold Defendants' Motion for Summary Judgment in Abeyance Pending Full Discovery in Support of Opposition or Extension of Time" (ECF No. 25).[1] Plaintiff cites Fed. R. Civ. P. 56(d) which allows the court to permit a nonmovant to take discovery in order to be able to respond to a motion for summary judgment. Plaintiff states that the discovery he contemplates "...will prove his complaint is true and this court will deny summary judgment." (*Id*. at 2.) Plaintiff requests the deadline for his response be extended to 21 days after the close of discovery. Pursuant to this court's scheduling order (ECF No. 22), discovery closes on September 4, 2018. Twenty one (21) days after date would make Plaintiff's response due September 25, 2018.

Motions for extensions of time to respond to summary judgment must be accompanied by an "affidavit or declaration on that, for specified reasons, [the nonmovant] cannot present facts essential to justify its opposition." Rule 56(d). Courts interpreting this provision generally require the party to provide (1) a description of the particular discovery the party seeks to undertake and the specific facts the movant hopes to elicit from further discovery, (2) an explanation of how the sought-after facts are

---

[1] The Clerk's office filed the "extension of time" component of Plaintiff's motion as a separate - but identical - document in accordance with LR IC 2-2(b). The court will dispose of the motions collectively.

essential to oppose - and preclude - summary judgment, and (3) why this discovery could not have been obtained earlier. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir 2008; *Cerveny v. Aventis, Inc.,* 855 F. 3d 1091, 1110 (10th Cir. 2017). Although Plaintiff's motion is accompanied by an affidavit (ECF No. 25 at 4), the Plaintiff fails to identify the specific sought-after facts and how they are essential to oppose - and preclude - summary judgment. *Pro se* litigants, however, are typically afforded some leeway with regard to the formalities of a Rule 56(d) motion. *Crowley v. Bannister*, 734 F.3d 967, 978-79 (9th Cir. 2013). In that regard, Plaintiff's general reference to discovery which he claims "will prove with documentary evidence that his complaint is true and deny summary judgment" is sufficient to satisfy his burden.

The motion for summary judgment of Defendants Shaw and Gonzales presents claims on their behalf that based on Defendants' submissions accompanying their motion for summary judgment, "Plaintiff will therefore be unable to establish either Defendants Shaw or Gonzales were deliberately indifferent to Plaintiff's claims and health." (ECF No. 17 at 2.) Defendants' arguments raise issues of fact on which Plaintiff ought to be allowed to undertake discovery, particularly when summary judgment has been filed very early in the case. *See, e.g., Anderson v Liberty Lobby,* 477 U.S. 242, 250 n. 5 (1986); *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017); *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016).

Whether to grant a 56(d) motion is within the court's discretion. *Tatum v. City & Cnty of S. F.,* 441 F. 3d 1090, 1100 (9th Cir. 2006)(decided under Rule 56(f), the predecessor to current Rule 56(d)). *See also Jackson v. Riebold,* 815 F. 3d 1114, 1121 (8th Cir. 2016).

The court in its discretion extends the time Plaintiff has to file his opposition to Defendants' motion for summary judgment to September 25, 2018. Any additional dispositive motions the parties may choose to pursue shall be filed on or before October 4, 2018. Other deadlines set forth in within the court's scheduling order (ECF No. 22) shall remain intact for now.

///

///

///

1     **IT IS HEREBY ORDERED** that Plaintiff's motions (ECF No. 25, 26) are **GRANTED**.
Plaintiff shall have to and including **September 25, 2018**, to file an opposition to Defendants' motion for summary judgment. In accordance with LR 7-2(b), Defendants shall have fourteen (14) days after Plaintiff's service of his response to file their reply memorandum.

DATED: June 26, 2018.

                                         _____
                                         WILLIAM G. COBB
                                         UNITED STATES MAGISTRATE JUDGE