# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LANCE REBERGER,

      Plaintiff,

v.

VERN, *et al.*,

      Defendants.

Case No.: 3:17-cv-00077-MMD-WGC

**Order**

Re: ECF Nos. 73, 81, 83

Plaintiff has filed a Motion to Compel Discovery of Interrogatories and Modification of Exhibit 1 (ECF No. 81), and a Motion for Extension of Time to File Opposition to Motion for Summary Judgment (Third Request) (ECF No. 83). This Order will also discuss the status of discovery going forward, and the joinder to the pending motion for summary judgment filed by defendants Comparoni and Westbay.

## I. BACKGROUND

Plaintiff filed his application for leave to proceed in forma pauperis and proposed *pro se* complaint on February 6, 2017. (ECF No. 1.) The court screened the complaint and allowed it to proceed with a single Eighth Amendment conditions of confinement claim based on allegations that he was served raw or undercooked food that made him sick and subjected him to a risk of infection. (ECF Nos. 4, 5.) The defendants are Deborah Comparoni, Vern Harlow, Gary Gonzales, William Shaw, and Summer Westbay. Vern Harlow has not yet been served, and a notice of intent to dismiss has been entered under Federal Rule of Civil Procedure 4(m). The court addresses that notice in a report and recommendation being issued separately.

The Attorney General's Office initially accepted service for Gonzales and Shaw. (ECF No. 13.) After being given an extension of time to file an answer or otherwise respond, Gonzales and Shaw filed their motion for summary judgment on June 1, 2018. (ECF No. 17.) On June 4, 2018, the court entered a scheduling order setting, among other things, a discovery completion deadline of September 4, 2018, and a discovery motion deadline of September 17, 2018. (ECF No. 22.) Plaintiff filed a motion to hold Defendants' motion in abeyance so he could complete discovery. (ECF No. 25.) The court granted Plaintiff's request and gave him until September 25, 2018, to file a response to Defendants' motion. (ECF No. 27.)

On July 16, 2018, Plaintiff filed a motion to extend the time he had to serve the remaining defendants. (ECF No. 28.) The court ordered the Attorney General's Office to advise the court by August 31, 2018, whether it could accept service for Harlow, Comparoni and Westbay. (ECF No. 39.) It was noted that the deadline to respond to the motion for summary judgment filed by Gonzales and Shaw remained at September 25, 2018. (ECF No. 39.) The Attorney General's Office filed under seal the last known addresses of Comparoni and Westbay on August 24, 2018, and indicated they did not have a last known address for Harlow. (ECF Nos. 43, 44.) The court issued summonses for Westbay and Comparoni on August 31, 2018. (ECF No. 52.) The court extended the time to serve Comparoni and Westbay until October 25, 2018, and until November 6, 2018 for Harlow. (ECF No. 54.)

On August 20, 2018, he had asked to extend the discovery completion deadline for another 60 days. (ECF No. 34.) On August 31, 2018, the court extended the discovery deadline to November 9, 2018. (ECF No. 55.)

On September 24, 2018, Plaintiff filed his second request to extend the deadline to respond to the motion for summary judgment filed by Gonzales and Shaw. (ECF No. 60.) The court granted

the request, and gave Plaintiff an additional three and a half months, until January 9, 2018, to file his response, noting there would be no further extensions. (ECF No. 63.)

Comparoni was served on September 24, 2018, and Westbay was served on October 2, 2018. (ECF Nos. 68, 69.)

On October 15, 2018, Plaintiff filed a motion for sanctions for the Defendants' purported refusal to provide discovery. (ECF No. 67.)

Comparoni and Westbay filed a joinder to the motion for summary judgment on October 23, 2018. (ECF No. 73.)

In a minute order on November 13, 2018, the court noted Plaintiff's sanctions motion had two components: (1) the production of what he described as medical exhibits 4 and 5; and (2) discovery responses Plaintiff claimed were inadequate and a request for sanctions under Rule 11. (ECF No. 76.) The court denied the first component as moot as Defendants represented that although there was a delay in providing the documents, they were provided to Plaintiff. As to the second component, the court denied the request for sanctions because Plaintiff did not comply with Rule 11's safe harbor provision. To the extent Plaintiff sought production of documents that were the subject of discovery, the court interpreted the motion as a motion to compel, and scheduled a discovery hearing.

The court held the discovery status conference on November 29, 2018. (ECF No. 79.) The court advised Plaintiff that his motion did not comply with the local rules that require him to set forth the text of the discovery at issue and any responses, and to certify he undertook a good faith effort to meet and confer. Plaintiff reiterated his intent was to seek sanctions and not compel. The court nevertheless proceeded to address both the request for sanctions and the discovery aspects of his motion. The court again denied the request for sanctions, explaining to Plaintiff that Rule

11(d) does not apply to discovery responses. The court also denied the motion insofar as it could be construed as a motion to compel because Plaintiff did not comply with the local rules. Finally, the court reminded the parties of the briefing schedule on the pending motion for summary judgment, indicating it would not be modified.

On December 19, 2018, Plaintiff filed a motion to compel. (ECF No. 81.) Then, on January 11, 2019, he filed a motion for extension of time for his response to the motion for summary judgment. (ECF No. 83.)

## II. MOTION TO COMPEL (ECF NO. 81)

Plaintiff 's motion to compel has several components. First, he essentially asks the court to reconsider a prior order denying his motion for sanctions and request for discovery from Gonzales and Shaw. Second, he asks the court to compel Defendants to produce various documents he requested in his request for production of documents (set three). Finally, he asks the court to compel defendants Gonzales, Comparoni and Westbay to provide responses to interrogatories he served on Deputy Attorney General (DAG) Halen one day before the November 9, 2018 discovery completion deadline.

To the extent Plaintiff seeks reconsideration of the court's prior order denying his request to compel discovery and request for sanctions as to defendants Gonzales and Shaw, his request is denied.

Motions for reconsideration are disfavored, and a party moving for reconsideration must not repeat arguments already presented. LR 59-1(b). The court has inherent power to reconsider an interlocutory (non-case dispositive) order, and reconsideration may be appropriate if there is: (1) newly discovered evidence not available when the original motion was filed; (2) the court

committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. LR 59-1 (a).

None of these circumstances apply here. Plaintiff styled his prior motion as one for sanctions though it sought both sanctions under Rule 11 and an order compelling responses to discovery. The court treated it as such, and denied the motion on the basis that Plaintiff did not follow rules on setting forth the discovery and meeting and conferring; and, because Rule 11 does not apply to discovery responses. Plaintiff has not cited any newly discovered evidence or change in intervening law that would justify reconsideration of the prior order. Nor has he demonstrated the court committed clear error or that the original decision was manifestly unjust.

Second, to the extent he seeks an order compelling the production of documents requested in his request for production of documents (set three), the motion is denied. Federal Rule of Civil Procedure 37 and Local Rule 26-7 require certification that the moving party made a good faith effort to meet and confer before filing a motion to compel. Defendants point out in their response that they did not even mail the responses until October 8, 2018; therefore, he could not have met and conferred with Defendants on these issues in September 2018, as he represents.

Finally,  Plaintiff's request to compel interrogatory responses from Gonzales, Comparoni and Westbay is also denied. The discovery completion deadline was extended to November 9, 2018. Plaintiff acknowledges his interrogatories were not sent to DAG Halen until November 8, 2018. November 9, 2018, was the discovery **completion** deadline, meaning that discovery should have been **completed** on or before that date. Courts within this district have routinely held that absent a stipulation between the parties or an order by the court, written discovery requests must be served at least 30 days before the discovery completion deadline so that they may be responded to within the discovery period. *See Adobe Systems Inc. v. Christenson*, 2011 WL 1322529, at * 2

(D. Nev. Apr. 5, 2011) (citing cases). Here, there was no way the responses could have been served within the discovery completion deadline when the interrogatories were served just one day before the deadline.

Moreover, Federal Rule of Civil Procedure 37 and Local Rule 26-7 require certification that the moving party made a good faith effort to meet and confer before filing a motion to compel. Plaintiff states that he had a meet and confer with DAG Halen on September 5, 2018. Any meet and confer in September of 2018 could not satisfy his obligation with respect to interrogatories that were not served until November of 2018.

## III. DISCOVERY GOING FORWARD AND THE JOINDER FILED BY COMPARONI AND WESTBAY

The court will now address the status of discovery going forward.

Plaintiff had plenty of time to conduct discovery as to Gonzales and Shaw. These defendants filed their motion for summary judgment on June 1, 2018. Plaintiff requested his extension of discovery on August 20, 2018. (ECF No. 34.) He asked for a 60-day extension, and the court gave him until November 9, 2018. (ECF No. 55.) In addition, as was noted above, the November 8, 2018, interrogatories served on Gonzales were not timely filed before the discovery completion deadline. Plaintiff did not timely request to extend the discovery completion deadline or show good cause as to why the discovery deadline should now be extended as to these defendants. Therefore, discovery is completed with respect to Gonzales and Shaw.

With respect to Comparoni and Westbay, the court granted Plaintiff's motion to extend the discovery deadline at a hearing on August 31, 2018. At the time, Gonzales and Shaw were the only defendants that had been served and appeared. The Attorney General's Office had just filed the last known addresses under seal for Comparoni and Westbay the week prior. The court had issued

summonses and given Plaintiff an extension of time to serve the remaining defendants. Comparoni was served on September 24, 2018, and Westbay on October 2, 2018, but they did not make an appearance in the case until they filed their joinder to the pending motion for summary judgment on October 23, 2018. At that point, the discovery completion deadline was approximately two weeks away, so there was no way Plaintiff could have timely served them with any discovery so that their responses could be served before the discovery completion deadline.

Plaintiff should have requested an extension of the discovery deadline when Comparoni and Westbay appeared in the case, or at least after they filed their joinder; however, the court also overlooked the need to adjust the discovery completion as to these new defendants. The court finds that good cause thereby exists to extend the discovery deadline as to these defendants since Plaintiff had virtually no time to serve them with discovery before the discovery completion deadline. The court also finds that these facts also justify a denial without prejudice of the motion for summary judgment under Federal Rule of Civil Procedure 56(d) insofar as Comparoni and Westbay have joined in the motion. The court will adjust the scheduling order accordingly and the new deadlines will be set forth below.

### IV. MOTION FOR EXTENSION OF TIME (ECF NO. 83)

Plaintiff requests an extension of time (his third request) to file a response to the pending motion for summary judgment. The basis for the motion is that he did not receive the joinder to the motion by Comparoni and Westbay until October 31, 2018, and shortly thereafter, on November 8, 2018, he propounded interrogatories to Comparoni and Westbay and another set to Gonzales, and did not receive responses (which is the subject of his motion to compel addressed above). He asks for a 90-day extension, or 60 days from the date he receives the requested discovery responses to file his response.

Insofar as Plaintiff's motion for an extension is based on the fact that he has not received responses to the interrogatories served on Comparoni and Westbay, the motion is denied as moot. The court has denied Comparoni and Westbay's joinder to the motion for summary judgment without prejudice to give Plaintiff a chance to complete discovery as to these defendants. After discovery is completed, they will likely renew their motion (supported by evidence particular to the allegations against them), and Plaintiff can file a response.

On the other hand, Plaintiff had plenty of time to conduct discovery and prepare a response as far as Gonzales and Shaw are concerned. These defendants filed their motion for summary judgment on June 1, 2018. Plaintiff was given two extensions of the discovery completion deadline as to these defendants. He was also given two extensions of time to respond to their motion for summary judgment, with the second extension giving him an additional three and a half months to file a response. (ECF Nos. 27, 63.)

Plaintiff argues that he needs an extension because Gonzales has not responded to the interrogatories served on November 8, 2019; however, the court has concluded that the interrogatories were not timely served and so there is no basis for compelling a response.

Plaintiff was specifically instructed at the November 29, 2018, discovery status conference that the briefing schedule on the motion for summary judgment was still intact, making his response due by January 8, 2019. (ECF No. 79 at 4.) At this point, Plaintiff still had more than a month to prepare and file his response, and the discovery completion deadline had passed. Yet, Plaintiff waited until January 6, 2019, just two days before his response was due, to seek yet another extension of time.

The court finds that Plaintiff has failed to demonstrate good cause for extending the deadline to respond to the motion for summary judgment filed by Gonzales and Shaw. Therefore,

the motion for an extension of time is denied. The court will proceed in issuing its report and recommendation on the motion for summary judgment filed by Gonzales and Shaw with no timely response being filed by Plaintiff.

## V. CONCLUSION

(1) Plaintiff's motion to compel and/or for reconsideration (ECF No. 81) is **DENIED**.

(2) To the extent Comparoni and Westbay have filed a joinder to the motion for summary judgment filed by defendants Gonzales and Shaw, their motion is **DENIED WITHOUT PREJUDICE**. They may renew the motion after discovery against them is completed. The court will proceed in issuing its report and recommendation as to the motion for summary judgment filed by Gonzales and Shaw.

(3) Plaintiff's motion for an extension of time to respond to the pending motion for summary judgment by Gonzales and Shaw (ECF No. 83) is **DENIED**.

(4) The court amends the scheduling order deadlines insofar as defendants Comparoni and Westbay are concerned as follows:

**Discovery Completion**

The court will extend the discovery completion deadline as to Comparoni and Westbay ONLY for 60 days, until **March 18, 2019** (taking into account intervening court holidays). Comparoni and Westbay have 30 days from the date of this order to serve their responses to Plaintiff's interrogatories previously served on November 8, 2018. If Plaintiff wishes to serve any additional discovery on Comparoni and Westbay, he must ensure that there will be sufficient time so that the responses will be served before the expiration of the discovery completion deadline.

Plaintiff is reminded that under Federal Rule of Civil Procedure 33(a)(1), unless otherwise stipulated between the parties or ordered by the court, a party may serve on any other party no more than 25 interrogatories, including discreet subparts.

Additionally, under Local Rule 26-8, unless otherwise ordered by the court, written discovery, including responses thereto and certificates of service and deposition transcripts, must **not** be filed with the court unless submitted in support of or in response to a discovery motion.

Any further extension of the discovery completion deadline will not be well received; however, if unforeseen and extenuating circumstances arise, any request for an extension of the discovery deadline must be received **at least 21 days before** the expiration of the subject deadline and shall include: (a) a statement specifying the discovery completed to date; (b) a specific description of the discovery that remains to be completed; (c) the reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and (d) a proposed schedule for the completion of all remaining discovery.

**Discovery Motions**

Any discovery motion must be filed and served no later than **April 1, 2019**. Prior to the filing of a discovery motion, the parties must first undertake a good faith effort to resolve any dispute. Federal Rule of Civil Procedure 37(a)(1) mandates that a discovery motion "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without a court order." Under Local Rule 26-7(c), the court will not consider a discovery motion unless that certification is included. Local Rule 26-7(b) requires that all motions to compel discovery shall set forth the full text of the discovery originally sought and the responses thereto, if any.

///

**Motions for Summary Judgment**

Motions for summary judgment shall comply with the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56-21 and shall be filed and served no later than **April 17, 2019**.

**Pretrial Order**

Under Local Rule 16-3(a), the parties must file a joint pretrial order **30 days** past the date for filing motions for summary judgment. In the event dispositive motions are filed, the date for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or until further order of the court.

**Modification of the Scheduling Order Deadlines**

Any party who seeks to amend these scheduling order deadlines must file and serve a motion no later than **21 days** prior to the deadline the party seeks to amend, stating the proposed amendment and reasons therefor. After expiration of the 21-day period, any amendment will be granted only upon a showing of good cause or excusable neglect.

**IT IS SO ORDERED**.

Dated: January 15, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE