UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCE REBERGER,<br><br>    Plaintiff,<br><br>v.<br><br>VERN, *et al.*,<br><br>    Defendants. | Case No.: 3:17-cv-00077-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 17 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion for Summary Judgment. (ECF Nos. 17, 17-1 to 17-9, 19-1, 19-2; Joinder by Comparoni and Westbay at ECF No. 73.) Plaintiff did not file a response. Plaintiff was given two extensions of time to do so, with the latest extension giving him another three and a half months, until January 8, 2019, to file his response. (*See* ECF Nos. 27, 63.) Plaintiff was reminded at a November 29, 2018, discovery status conference of the briefing schedule. (ECF No. 79.) He did file a third request for an extension of time just days before his response was due, but the court entered a separate order denying that motion because he did not demonstrate good cause for any further extension.

First, it is recommended that defendant Harlow be dismissed due to Plaintiff's failure to timely serve him under Federal Rule of Civil Procedure (4)(m).

Second, the court has issued a separate order denying the joinder to the motion for summary judgment filed by defendants Comparoni and Westbay (ECF No. 73) without prejudice because

Plaintiff did not have an opportunity to conduct discovery as to these defendants before his response to the motion was due. The court has entered amended scheduling order deadlines with respect to these defendants. Therefore, the court's analysis on the motion for summary judgment focuses on defendants Gonzales and Shaw only.

Finally, the court recommends that summary judgment be granted in favor of Gonzales and Shaw.

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

On screening, Plaintiff was allowed to proceed with a single Eighth Amendment conditions of confinement claim against defendants Deborah Comparoni, Vern Harlow, Gary Gonzales, William Shaw[1], and Summer Westbay. (ECF Nos. 4, 39.) The claim is based on allegations that Plaintiff was served raw or undercooked food, which made him sick and subjected him to a risk of infection since he is HIV positive and his immune system is compromised. (ECF No. 5.)

The Attorney General's Office accepted service for Gary Gonzales and William Shaw initially, and subsequently for Deborah Comparoni and Summer Westbay, but it did not have a last known address for Mr. Harlow. Plaintiff was given an extension of time to serve Mr. Harlow, but failed to do so. District Judge Du entered an order giving Plaintiff notice of the intent to dismiss Harlow if Plaintiff did not file a proof of service or good cause showing why service was not made on or before January 2, 2019. (ECF No. 80.) No proof of service or good cause showing has been

---

[1] Shaw was initially identified by the Attorney General's Office as Dean Shaw (ECF No. 13), but in subsequent filings was identified as William Shaw.

filed with respect to Harlow. In other documents, Plaintiff has argued that the Attorney General's representation that it does not have a last known address for Mr. Harlow is false, but provides no support for this accusation. In sum, Plaintiff has not timely served Mr. Harlow; therefore, Harlow should be dismissed (without prejudice) under Federal Rule of Civil Procedure 4(m).

The complaint alleges that Plaintiff is HIV positive and on the verge of developing AIDS, and has a compromised immune system. (ECF No. 5 at 3-4.) He is on a cholesterol and fat restricted diet of double portions. (*Id*.) He avers that ESP culinary cook Comparoni refuses to thoroughly cook Plaintiff's diet food items, including chicken, pancakes, french fries, and lunch chicken patties. (*Id*. at 4.) He claims that the chicken patties come to ESP frozen and arrive to Plaintiff uncooked. (*Id*. at 5.) The chicken he receives is served to him only partially cooked, and raw in the middle. (*Id*.) He contends that the pancakes are like eating raw batter and could lead to infection, and the french fries are also raw. (*Id*.) Plaintiff feels compelled to eat the raw food because he has to take his HIV medication with a full meal. (*Id*.) The raw food makes him sick half the time, and puts him in danger of getting an HIV infection, Kaposi's sarcoma, or bacterial infection such as salmonella. (*Id*. at 4-5.) He alleges that culinary staff are aware of his HIV and compromised immune system, and he has complained to Gonzales and Shaw, and sometimes Westbay responded; however, they all allow Comparoni to cook the food how she sees fit.

Defendants Shaw and Gonzales move for summary judgment arguing there is no evidence that Plaintiff complained to them or any other culinary staff member while at ESP regarding his food allegedly being raw or undercooked, and he did not file any medical kites at ESP that he was ill from eating raw or undercooked food. Alternatively, Defendants argue they are entitled to qualified immunity.

///

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-50. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the

moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmoving party is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Stated another way:

> To incarcerate, society takes from prisoners the means to provide for their own needs. Prisoners are dependent on the State for food, clothing, and necessary medical care. A prison's failure to provide sustenance for inmates 'may actually produce physical 'torture or lingering death.'

*Brown v. Plata*, 131 S.Ct. 1910, 1929 (2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)) (internal citation omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). First, the alleged deprivation must be, in objective terms, sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). Second, the prison official must know of and disregard the risk to the inmate's health or safety. *Id.* at 837.

Defendants submit evidence that Plaintiff was transferred to ESP on August 19, 2015, and was housed in Unit 2 at ESP from August 20, 2015, to January 16, 2017, and then in Unit 3 at ESP from January 16, 2017, until February 8, 2017. (ECF No. 17-1.)

Defendants submit declarations from both Gary Gonzales and William Shaw that all food prepared at ESP is temperature checked to ensure it is heated to the proper temperature and is safe to consume. (Gonzales Decl., ECF No. 17-2; Shaw Decl., ECF No. 17-3.) In addition, all food cooked and served to ESP inmates is temperature checked and the temperature when the food is served is recorded on the daily meal report. (*Id*.)

Defendants also submit evidence that Plaintiff never submitted a written complaint about the food at ESP being undercooked or raw, and never submitted a medical kite that he was ill because he consumed raw or undercooked food at ESP. (ECF Nos. 17-4, 19-1, 19-2.)

In February of 2015, Plaintiff sent three kites to the infectious disease nurse at *HDSP*—Nurse George—complaining of raw or undercooked food at *HDSP*. (ECF No. 19-1 at 37, 38, 40.) He submitted various kites about his diet and portions while he was housed at *ESP*, but no other kites or requests were sent at *ESP* complaining that his food was raw or undercooked. (ECF Nos. 17-4, 19-1, 19-2.)

Gonzales and Shaw state in their declarations that Plaintiff never complained to them that the food he was served was raw or undercooked. (Gonzales Decl., ECF No. 17-2 ¶ 9; Shaw Decl., ECF No. 17-3 ¶ 8.)

Defendants have submitted evidence that Plaintiff never complained about raw or undercooked food while at ESP, or that he was ill because he consumed raw or undercooked food at ESP. This evidence goes toward demonstrating both that Plaintiff never suffered from consuming raw or undercooked food, and that the Defendants did not know of and disregard a risk to his health. Plaintiff has not filed a response to rebut this evidence. Therefore, summary judgment should be granted in Defendants' favor.

In light of this conclusion, the court need not reach Defendants' other arguments.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order

(1) **DISMISSING WITHOUT PREJUDICE** defendant Harlow due to Plaintiff's failure to timely serve him under Federal Rule of Civil Procedure (4)(m); and

(2) **GRANTING** the motion for summary judgment filed by defendants Gonzales and Shaw (ECF No. 17).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 15, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge