UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE REBERGER,<br><br>                            Plaintiff,<br>     v.<br>VERN, *et al.*,<br><br>                            Defendants. | Case No. 3:17-cv-00077-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R"). (ECF No. 85.) In the R&R, Judge Cobb addresses the motion for summary judgment Defendants William Shaw ("Shaw") and Gary Gonzales ("Gonzales") filed ("Motion") (ECF No. 17).[1] Plaintiff did not file a response to the Motion albeit granted several months of extension to do so—the last extension being through January 8, 2019. (ECF Nos. 27, 63). Judge Cobb recommends granting summary judgment in favor of the named Defendants. (ECF No. 85 at 8.) The R&R further recommends dismissing Defendant Vern Harlow ("Vern") from the lawsuit with prejudice because of Plaintiff's failure to timely serve Vern. (*Id.*) Plaintiff had until January 29, 2019 to file an objection. To date, no objection to the R&R has been filed.

///

///

---

[1] Judge Cobb previously issued a separate order denying Defendants Deborah Comparoni and Summer Westbay's joinder to the Motion (ECF No. 73) without prejudice because Plaintiff did not have an opportunity to conduct discovery against these Defendants. (ECF No. 85 at 1-2; ECF No. 84.)

For the reasons discussed below, the Court agrees with Judge Cobb and will accept and adopt the R&R in its entirety.

## II. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") proceeding *pro se* pursuant to 42 U.S.C. § 1983. (ECF No. 5.) This action concerns events that took place while Plaintiff was housed at Ely State Prison ("ESP"). (*Id.*)

On screening, Plaintiff was allowed to proceed with a single Eighth Amendment conditions of confinement claim related to his allegations that he was served raw or undercooked food at ESP. (*Id.*; ECF Nos. 4, 39.) Plaintiff alleged that the food made him sick and subjected him to a risk of infection because his immune system is compromised due to him being HIV positive. (ECF No. 5 at 3–5.) Shaw and Gonzales moved for summary judgment on these claims in June 2018. (ECF No. 17.)

On January 3, 2019, the Court issued a notice of intent to dismiss Vern pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff had not filed a proof of service on Vern. (ECF No. 80.) To date, Plaintiff has provided no such proof.

Further background regarding this matter is included in the R&R, which the Court adopts.

## III. LEGAL STANDARD

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate

judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *id.* at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and related documents, this Court finds good cause to accept and adopt the R&R in full.

**B.  Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show

that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV.   DISCUSSION

In their Motion, Shaw and Gonzales argue that (1) there is no evidence that Plaintiff complained to them or any other culinary staff member while at ESP regarding his food allegedly being raw or undercooked and (2) Defendants are entitled to qualified immunity. (ECF No. 17.) Judge Cobb did not analyze the latter contention in the R&R because he found in favor of Shaw and Gonzales on the first. (ECF No. 85 at 3, 7.) The Court agrees and adopts the R&R.

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm[;] [m]ere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citation omitted). Two requirements must be met for a finding that a prison official violated the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the alleged deprivation must be, in objective terms, sufficiently serious. *Id.* (citation omitted). Second, the prison official must be aware of and disregard the risk to the inmate's health or safety. *Id.* at 837; *see also id.* at 834 (internal quotation and citation omitted) ("The second requirement follows from the principle that only the unnecessary wanton infliction . . . implicates the Eighth Amendment.").

Here, Shaw and Gonzales provided evidence which at minimum supports a conclusion that Plaintiff never complained to either Defendants about being served raw or

| | |
|---|---|
| 1 | undercooked food. (ECF No. 17-2 (Gonzales Decl.); ECF No. 17-3 (Shaw Decl.); ECF No. |
| 2 | 17-4 (Plaintiff's submitted inmate request forms devoid of any complaint about food at ESP |
| 3 | being raw or undercooked); ECF Nos. 19-1 & 19-2 (Plaintiff's medical kites filed under |
| 4 | seal).) By failing to file a response to the Motion, Plaintiff has likewise failed to provide |
| 5 | evidence to rebut this evidence. Therefore, Plaintiff fails to establish a necessary showing |
| 6 | of his conditions of confinement claim—that Shaw and Gonzales knew that Plaintiff was |
| 7 | fed or being fed raw and undercooked food and nevertheless disregarded the risks to his |
| 8 | health. The Court thus agrees with Judge Cobb and grants summary judgment in favor of |
| 9 | Shaw and Gonzales. |
| 10 | The Court also agrees with and accepts Judge Cobbs recommendation that Vern |
| 11 | be dismissed from this action without prejudice under Rule 4(m). Rule 4(m) provides: |

> ". . . If a defendant is not served within 90 days after the complaint is filed, the court − on motion or on its own after notice to the plaintiff − must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."

Fed. R. Civ. P. 4(m). Plaintiff filed his Complaint on December 12, 2017. (ECF No. 5.) To date, Plaintiff has neither filed proof of service with this Court as to Vern nor has he shown good cause why service has not been made. Particularly, Plaintiff filed nothing in response to the Court's notice of intent to dismiss Vern which cites the above quoted language. (ECF No. 80.) Accordingly, Vern is dismissed from this action without prejudice

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that the R&R (ECF No. 85) is accepted and adopted in its entirety.

It is further ordered that Defendants Shaw and Gonzales' motion for summary judgment (ECF No. 17) is granted.

It is further ordered that Defendant Vern Harlow is dismissed from this action without prejudice.

DATED THIS 1st day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE