UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LANCE REBERGER,<br><br>    Plaintiff,<br><br>v.<br><br>VERN, et al.,<br><br>    Defendants. | Case No.: 3:17-cv-00077-MMD -WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 102 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is a Renewed Motion for Summary Judgment filed by defendants Deborah Comparoni and Sommer Westbay. (ECF Nos. 102, 102-1 to 102-11, 104-1, 104-2.) Despite being given multiple extensions, Plaintiff did not file a response to the motion. (*See* ECF Nos. 109, 114, 116.)

After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

On screening, Plaintiff was allowed to proceed with a single Eighth Amendment conditions of confinement claim against defendants Deborah Comparoni, Vern Harlow, Gary Gonzales,

William Shaw[1], and Summer Westbay. (ECF Nos. 4, 39.) The claim is based on allegations that Plaintiff was served raw or undercooked food, which made him sick and subjected him to a risk of infection since he is HIV positive and his immune system is compromised. (ECF No. 5.)

The complaint alleges that Plaintiff is HIV positive and on the verge of developing AIDS, and has a compromised immune system. (ECF No. 5 at 3-4.) He is on a cholesterol and fat restricted diet of double portions. (*Id*.) He avers that ESP culinary cook Comparoni refuses to thoroughly cook Plaintiff's diet food items, including chicken, pancakes, french fries, and lunch chicken patties. (*Id*. at 4.) He claims that the chicken patties come to ESP frozen and arrive to Plaintiff uncooked. (*Id*. at 5.) The chicken he receives is served to him only partially cooked, and raw in the middle. (*Id*.) He contends that the pancakes are like eating raw batter and could lead to infection, and the french fries are also raw. (*Id*.) Plaintiff feels compelled to eat the raw food because he has to take his HIV medication with a full meal. (*Id*.) The raw food makes him sick half the time, and puts him in danger of getting an HIV infection, Kaposi's sarcoma, or bacterial infection such as salmonella. (*Id*. at 4-5.) He alleges that culinary staff are aware of his HIV and compromised immune system, and he has complained to Gonzales and Shaw, and sometimes Westbay responded; however, they all allow Comparoni to cook the food how she sees fit.

Summary judgment was previously granted in favor of defendants Gonzales and Shaw, and defendant Harlow was dismissed without prejudice because Plaintiff failed to timely serve him with the summons and complaint. (*See* ECF Nos. 85, 89.) Notably, Plaintiff also failed to file a response to the summary judgment motion filed by Gonzales and Shaw, despite being given several extensions of time. Comparoni and Westbay filed a belated motion to join that summary

---

[1] Shaw was initially identified by the Attorney General's Office as Dean Shaw (ECF No. 13), but in subsequent filings was identified as William Shaw.

judgment motion, but the court denied the request, finding that Plaintiff did not have an opportunity to conduct discovery as to those defendants. The court allowed Comparoni and Westbay to renew their motion after discovery had been completed. (ECF No. 84.)

Like Gonzales and Shaw, Comparoni and Westbay move for summary judgment, arguing there is no evidence that Plaintiff complained to them or anyone else while at ESP regarding his food allegedly being raw or undercooked, and he did not file any medical kites at ESP that he was ill from eating raw or undercooked food.

## **II. LEGAL STANDARD**

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must

prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W.*

*Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Stated another way:

> To incarcerate, society takes from prisoners the means to provide for their own needs. Prisoners are dependent on the State for food, clothing, and necessary medical care. A prison's failure to provide sustenance for inmates 'may actually produce physical 'torture or lingering death.'

*Brown v. Plata*, 131 S.Ct. 1910, 1929 (2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)) (internal citation omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). First, the alleged deprivation

must be, in objective terms, sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). Second, the prison official must know of and disregard the risk to the inmate's health or safety. *Id*. at 837.

Similar to the prior motion for summary judgment by Gonzales and Shaw, defendants Comparoni and Westbay have submitted evidence that Plaintiff never complained about raw or undercooked food while at ESP, or that he was ill because he consumed raw or undercooked food at ESP. This evidence goes toward demonstrating both that Plaintiff never suffered from consuming raw or undercooked food, and that the Defendants did not know of and disregard a risk to his health. Plaintiff has not filed a response to rebut this evidence. Therefore, summary judgment should be granted in favor of Westbay and Comparoni.

In light of this conclusion, the court need not reach Defendants' qualified immunity argument.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** the motion for summary judgment filed by Westbay and Comparoni (ECF No. 102).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

///

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 12, 2019.

*William G. Cobb* (signature)
William G. Cobb
United States Magistrate Judge