UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE REBERGER,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>WESTFAY, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:17-cv-00077-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.　SUMMARY**

*Pro se* Plaintiff Lance Reberger, an incarcerated person, brought this action pursuant to 42 U.S.C. § 1983. Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R"). (ECF No. 123.) In the R&R, Judge Cobb addresses Defendants Deborah Comparoni and Sommer Westbay's[1] motion for summary judgment ("Motion") (ECF No. 102). Although the Court granted him multiple extensions to respond to the Motion (ECF Nos. 109, 114, 116),[2] Plaintiff failed to do so. Judge Cobb recommends granting summary judgment in favor of Defendants on Plaintiff's sole claim for violation of the Eighth Amendment. Plaintiff has objected to the R&R ("Objection") (ECF No. 125) and Defendants Comparoni and Westbay responded (ECF No. 126). The Court will accept and adopt the R&R in its entirety.

///

///

---

[1] The Court's screening order shows the names "Debbie" and "Westfay" for these Defendants (*e.g.*, ECF No. 4 at 7). However, the Court herein refers to Defendants as provided in their briefing (*e.g.*, ECF Nos. 73, 102).

[2] The first extension provided Plaintiff through July 15, 2019, to file a response (ECF No. 109). The last extension granted him through November 7, 2019, to do the same (ECF No. 116). Plaintiff sought a fourth extension (ECF No. 121); Judge Cobb denied the request (ECF No. 124).

## II. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 5.) This action concerns events that took place while Plaintiff was housed at Ely State Prison ("ESP"). (*Id.*)

On screening, Plaintiff was allowed to proceed with a single Eighth Amendment conditions of confinement claim related to his allegations that he was served raw or undercooked food at ESP. (*Id.*; ECF No. 4 at 6.) Plaintiff alleged that the food made him sick and subjected him to a risk of infection because his immune system is compromised due to him being HIV positive. (ECF No. 5 at 3-5.)

The Court previously dismissed Defendant Vern Harlow from this action for Plaintiff's failure to show proof of service upon Harlow on February 1, 2019. (ECF No. 89 at 5-6.) In the same order, the Court also granted summary judgment to Defendants William Shaw and Gary Gonzales on Plaintiff's claim. (*Id.* at 5.) Comparoni and Westbay filed a late motion to join Shaw and Gonzales' motion for summary judgment (ECF Nos. 17, 73), but the Court denied the request. (ECF No. 84.) Comparoni and Westbay filed a renewed motion for summary judgment on Plaintiff's claim in April 2019. (ECF No. 102.)

Further background regarding this matter is included in the R&R (ECF No. 123), which the Court adopts.

## III. LEGAL STANDARD

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

In light of Plaintiff's Objection, the Court engages in *de novo* review to determine whether to accept the R&R. Upon reviewing the Objection, R&R, related brief (ECF No.

102), and accompanying exhibits (ECF Nos. 102-1 through 102-11), the Court finds the R&R should be accepted in full.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986)

///

///

## IV. DISCUSSION

In their Motion, Comparoni and Westbay raise the same arguments as their Co-Defendants, who were previously granted summary judgment. (*Compare* ECF No. 102 *with* ECF No. 17; *see* ECF No. 89.) In contesting that they participated in a constitutional violation or were deliberately indifferent, Comparoni and Westbay argue that there is no evidence that Plaintiff complained to them or any other culinary staff member while at ESP regarding his food allegedly being raw or undercooked. (ECF No. 102 at 7, 9-10.) They also highlight that Plaintiff filed no medical kites at ESP regarding being relatedly ill. (*Id.*) Alternatively, Comparoni and Westbay contend that they are entitled to qualified immunity. (*Id.* at 10-12.) Judge Cobb did not analyze the latter contention in the R&R because he found in favor of Comparoni and Westbay on the merits of Plaintiff's conditions of confinement claim. (ECF No. 123 at 6.) For the reasons below, the Court adopts Judge Cobb's findings.

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm[;] [m]ere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citation omitted). Two requirements must be met for a finding that a prison official violated the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the alleged deprivation must be, in objective terms, sufficiently serious. *See id.* (citation omitted). Second, the prison official must be aware of and disregard the risk to the inmate's health or safety. *See id.* at 837; *see also id.* at 834 (internal quotation and citation omitted) ("The second requirement follows from the principle that only the unnecessary wanton infliction . . . implicates the Eighth Amendment."). Further, a defendant is liable for a claim brought under § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

Plaintiff's Objection does not specifically address the substance of the R&R. (*See* ECF No. 125.) Instead, Plaintiff seeks reconsideration of this Court's prior order accepting

the R&R as to Shaw and Gonzales (ECF No. 89). (*See, e.g.*, ECF No. 125 at 1.) The Court will deny Plaintiff's request for reconsideration because it is both late, without reason, and improperly raised. To seek reconsideration of this Court's order, Plaintiff needed to bring a motion pursuant to Fed. R. Civ. P. 60 and meet the applicable showing. Plaintiff makes no such filing or showing here. Accordingly, Plaintiff's request for reconsideration is denied.

Plaintiff otherwise argues in the Objection that Judge Cobb erred in not granting him more time to conduct discovery in this case generally and in not permitting him further extensions of time to respond to the two motions for summary judgment. Again, Plaintiff fails to comply with applicable rule. A party may properly object to a magistrate judge's pretrial matters under LR IB 3-1 only by showing that such ruling is clearly erroneous.[3] Plaintiff failed to properly object. Even if Plaintiff had properly objected to Judge Cobb's pretrial rulings, the record and Plaintiff's arguments instantly raised in the Objection do not support a finding of clear error.[4] *See United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). Thus, to the extent Plaintiff

---

[3]*See also 28* U.S.C. § 636(b)(1)(A) (providing that in reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error).

[4]Plaintiff chiefly argues that he should have been provided more time because he had other litigation matters to attend to. (*See generally* ECF No. 25.) He also argues that Judge Cobb erred in denying Comparoni and Westbay's request to join Shaw and Gonzales' motion for summary, noted *supra*, arguing that joinder is required under Fed. R. Civ. P. 19 and 20. (*Id.* at 4-6.) However, those rules concern joinder to a case—not joinder to a motion filed within a case. Moreover, Plaintiff cannot make arguments regarding the joinder request because he did not bring that motion. Plaintiff also argues that Judge Cobb erred in denying his motion to compel relating to Shaw and Gonzales (*See* ECF Nos. 81, 84). But that contention is not specific to the present Defendants. Notably, Judge Cobb denied Comparoni and Westbay's motion to join Shaw and Gonzales' motion for summary judgment to allow Plaintiff to obtain discovery as to the former Defendants. (*See* ECF No. 84 at 7; ECF No. 85 at 1-2; *see also id.* at 6-7 (concerning discovery related to Shaw and Gonzales).)

seeks further extensions of time to file an opposition to the Motion or to engage in further discovery (*e.g.*, ECF No. 125 at 7), the request is denied.

The Court further concludes that the evidence before the Court warrants a finding of summary Judgment in favor of Comparoni and Westbay. These Defendants have provided evidence that Plaintiff never complained to either of them or other culinary staff about being served raw or undercooked food and/or that they disregarded risks to Plaintiff's health. (*See* ECF No. 102-4 (showing that Plaintiff submitted inmate request forms not showing any complaints about food at ESP being raw and/or undercooked or complaints directed to or about Comparoni and Westbay); ECF Nos. 102-2, 102-3 (declarations explaining that Plaintiff's food was temperature checked for proper temperature and safe consumption); ECF Nos. 102-5, 102-6 (Plaintiff's daily meal reports providing the temperatures at which meals were served); ECF No. 102-7 (Westbay's answers to interrogatories, explaining that she is not a cook and only provides safety and security services in culinary); ECF No. 102-8 (Comparoni's answers to interrogatories explaining cooking times and temperatures for the types of foods at issue).) By not filing a response to the Motion, Plaintiff fails to rebut Comparoni and Westbay's evidence. As indicated, the Court is not convinced that Plaintiff had a sufficiently good reason for failing to file an opposition in light of the extensions he was provided to do so (ECF Nos. 109, 114, 116). Therefore, the Court finds that Plaintiff fails to carry his burden to establish his conditions of confinement claim at this stage. The Court thus grants summary judgment in favor of Comparoni and Westbay.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's request for reconsideration of this Court's prior order accepting Judge Cobb's report and recommendation as to Defendants William Shaw and Gary Gonzales' motion for summary judgment is denied for the reasons stated herein.

It is further ordered that to the extent Plaintiff requested additional time to file an opposition to Defendants Comparoni and Westbay's motion for summary judgment or to conduct additional discovery in this case, the request is denied for the reasons stated herein.

It is further ordered that Judge Cobb's Report and Recommendation (ECF No. 123) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's objection (ECF No. 125) is overruled.

It is further ordered that Defendants Comparoni and Westbay's motion for summary judgment (ECF No. 102) is granted.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and ECF No. 89 and close this case.

DATED THIS 20th day of December 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE