UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LANCE REBERGER,

                Plaintiff,

v.

WESTBAY, *et al.*,

                Defendants.[1]

Case No. 3:17-cv-00077-MMD-WGC

*Pro se* Plaintiff Lance Reberger, an incarcerated person, has filed a motion for reconsideration ("Motion"). (ECF No. 129.) For the reasons stated below, the Court will deny the Motion.[2]

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Under Fed. R. Civ. P. 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985); *see also Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if

///

---

[1]The leading Defendant name is corrected in the caption from "Westfay" to "Westbay." (*See, e.g.*, ECF No. 127 at 1 n.1.) The Defendants relevant to this order are: Defendants William Shaw, Gary Gonzales, Deborah Comparoni and Sommer Westbay.

[2]Defendants have filed a motion for extension of time to respond to the Motion (ECF No. 130), which the Court will deny as moot in light of its ruling here.

1 there is an intervening change in controlling law"). But "[a] motion for reconsideration is
2 not an avenue to re-litigate the same issues and arguments upon which the court already
3 has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005)
4 (citation omitted).

5 In the Motion, Plaintiff seeks reconsideration of this Court's orders (ECF Nos. 89,
6 127) accepting and adopting the Reports and Recommendations of Magistrate Judge
7 William G. Cobb ("R&R(s)") (ECF Nos. 85, 123). (ECF No. 129 at 1.) Acceptance of the
8 R&Rs resulted in judgment being entered in favor of all remaining Defendants in this
9 matter on Plaintiff's single Eighth Amendment conditions of confinement claim related to
10 his allegations that he was served raw or undercooked food at Ely State Prison ("ESP").
11 (*See, e.g.*, ECF No. 127 at 2.) Notably, Plaintiff failed to timely respond to either of the
12 relevant motions for summary judgment (ECF Nos. 17, 102), although he was provided
13 multiple extensions of time to do so. This case was closed on December 20, 2019, upon
14 entry of judgment for Defendants. (*See* ECF Nos. 127, 128.)

15 The Motion, filed on January 24, 2020, is another attempt by Plaintiff to reargue his
16 position that he should have been granted further extensions of time to respond to
17 Defendants' motions for summary judgment. He contends that this Court and Judge Cobb
18 erred in not providing him more time to do so. (ECF No. 129 at 3–6.) This Court has already
19 addressed this argument, found no error, and rejected Plaintiff's request for additional time
20 to respond to the motions for summary judgment.[3] (*See, e.g.*, ECF No. 127 at 4–6.)
21 ///

---

[3]The Court particularly disagrees with Plaintiff's contention that the Court "prematurely" issued its order accepting the first R&R without waiting for Plaintiff's objection. (ECF No. 129 at 3.) As Plaintiff concedes, the objection was due in this Court on January 29, 2019. (*See* ECF No. 85.) The Court did not issue its order until 3 days after that deadline passed—on February 1, 2019. (*See* ECF No. 89.) Further, instead of submitting an objection to the R&R, Plaintiff concedes that the day before the R&R was due he instead mailed a request for an extension of time to file the objection. (*E.g.*, ECF No. 129 at 3; *see also* ECF No. 91 (motion for extension reflected on the Court's docket as filed on February 4, 2019).) The Motion provides no meaningful explanation as to why Plaintiff waited until the last minute to request the time extension. Further, Plaintiff has a history of requesting extensions and doing so at the last minute. Plaintiff should take care to give himself sufficient time to respond to filing deadlines in the cases he brings and/or to request extensions within ample time considering those deadlines.

1 | Plaintiff otherwise claims that Defendants "falsely argue in their [motions for summary judgment] that there is no evidence that Plaintiff complained to them OR any other culinary staff member while at ESP regarding his food [being] raw and undercooked." (ECF No. 129 at 2.) Plaintiff then purports to have attach exhibits (for example, his kites, a news article, and a declaration by his former roommate) that establish that Defendants lied. (*E.g.*, *id.* at 2–3, 6.) Plaintiff's exhibits are completely irrelevant to the matter at hand chiefly because none concerns the timeframe with which this action is concerned. (*See, e.g.*, (ECF No. 129 at 8–16 (providing medical kites from 2013 and 2014)); *id.* at 17–18 (showing article published in January 2019 concerning consumer sickness and fatalities from foodborne disease, focusing on 2018); *id.* at 19–22 (appearing to be a food handlers manual, which does not obviously provide any fact—without perhaps further explanation—establishing Plaintiff's claim); *id.* at 23 (appearing to be pictures taken on "11/07/2018" showing a "used by" date of "APR 22 2018"); *id.* at 24–25 (affidavit of Brian Eugene Lepley who claims to have been Plaintiff's roommate from April 2018 to August 2018 who witnessed Plaintiff being served raw food, but does not state when Lepley witnessed such).) To be sure, Plaintiff's complaint, filed on December 12, 2017, expressly states that his sole claim pertained to matters which "started on August 20, 2015 through ongoing to this day." (ECF No. 5 at 1.) Therefore, the exhibits accompanying the Motion cannot support Plaintiff's claim even if they were properly before the Court at this juncture.

In sum, Plaintiff's Motion in no way meets the applicable showing to warrant reconsideration. The Court will not consider the matters of this *closed* case further.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 129) is denied.

///
///
///
///
///

3

It is further ordered that Defendants' motion for extension of time (ECF No. 130) is denied as moot.

DATED THIS 29th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE